UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ILDA MONETTE TALLER,

                              **Plaintiff,**                    **COMPLAINT**

                - against -                           **JURY TRIAL**
                                                                 **DEMANDED**

**RYDER SYSTEM, INC. d/b/a RYDER,**
**CVS HEALTH CORPORATION and**                 Case No.
**CVS PHARMACY, INC.,**

                              **Defendants.**
------------------------------------------------------------------------x

      Plaintiff **ILDA MONETTE TALLER** ("Plaintiff") by her attorneys, Law Offices of Arnold N. Kriss, complaining of Defendants **RYDER SYSTEM, INC. d/b/a RYDER**, (Defendant "Ryder") **CVS HEALTH CORPORATION**, (Defendant "CVS Health") and **CVS PHARMACY, INC.** (Defendant "CVS Pharmacy") or collectively ("Defendants") respectfully alleges upon information and belief:

## THE PARTIES

      1.      Plaintiff is an individual and citizen of the State of New York, County of New York.

      2.      Defendant Ryder is a State of Florida corporation with its principle office located at 11690 N.W. 105th Street Miami, Florida 33178.

      3.      According to Defendant Ryder's website, "Ryder operates behind the scenes, managing critical fleet, transportation and supply chain functions for over 50,000 customers, many of which make the products that consumers use every day. When you choose Ryder, you get access to industry-leading technology, one of North America's largest fleet of trucks, an expansive infrastructure of maintenance facilities and warehouses, and some of the most talented people in the industry. Companies choose Ryder because they trust that we have the best people in the industry working on their business. The industry's brightest logistics engineers, safest drivers and the most

experienced maintenance technicians are part of a passionate team more than 39,600 strong, all dedicated to solving your toughest transportation and supply chain challenges." (Source: https://ryder.com/about-us).

4. Defendant CVS Health is a Delaware corporation with its principle office located at 1 CVS Drive, Woonsocket, Rhode Island 028985.

5. Defendant CVS Health, " . . . together with its subsidiaries (Defendant CVS Pharmacy), is a diversified health services company united around a common purpose of helping people on their path to better health . . . . CVS Health has more than 9,900 retail locations, approximately 1,100 walk-in medical clinics, a leading pharmacy benefits manager with approximately 105 million plan members, a dedicated senior pharmacy care business serving more than one million patients per year and expanding specialty pharmacy services. . . ." (Source: Defendant CVS Health's website).

6. Defendant CVS Pharmacy is a Rhode Island corporation and a subsidiary of CVS Health, with its principle office located at 1 CVS Drive, Woonsocket, Rhode Island 028985.

7. Defendant CVS Pharmacy " . . . is currently the largest pharmacy chain in the United States by number of locations (over 9,600 as of 2016) . . . Its parent company (Defendant CVS Health) ranks as the fifth largest U.S. corporation. . . (Defendant) CVS sells prescription drugs and a wide assortment of general merchandise, including over-the-counter drugs, beauty products and cosmetics, film and photo finishing services, seasonal merchandise, greeting cards, and convenience foods through (Defendant) CVS Pharmacy and . . . also provides healthcare services through its more than 1,100 MinuteClinic medical clinics[11] as well as their Diabetes Care Centers. Most of these clinics are located within or outside CVS stores." (Source: CVS Pharmacy's website).

## JURISDICTION AND VENUE

8. This Court's jurisdiction arises under 28 *U.S.C.* § 1332(2), Diversity of citizenship; amount in controversy; costs. All named parties meet the diversity jurisdiction of this Court.

9. This Court's jurisdiction is also pursuant to 28 *U.S.C.* § 1332(b), since Plaintiff's damages are greater than Seventy Five Thousand ($75,000.00) Dollars.

10. The United States District Court, Southern District of New York, is the proper venue for this action as the causes of action also arose from Defendants' conduct within the jurisdiction of this Court.

## CIRCUMSTANCES OF PLAINTIFF'S ACCIDENT AND THE SERIOUS INJURIES PLAINTIFF SUSTAINED

11. On October 15, 2021, at about 7:30 p.m., Defendant Ryder's truckers ("Defendant Ryder's truckers") were making a delivery of product and other items to Defendant CVS Pharmacy at 1396 2nd Avenue, between East 73rd Street and East 72nd Street, on the east side of 2nd Avenue, New York, New York ("the location").

12. Defendant Ryder's truck at the location, was under the control, supervision and possession of two Defendant Ryder's truckers, employees, servants and agents who were directed by Defendant Ryder to make a delivery of goods and or product ("product") to Defendant CVS Pharmacy at the location.

13. In clear violation of New York City's law and rules, Defendant Ryder's truckers parked Defendant Ryder's truck in front of the location, in a no standing zone-no stopping bicycle lane on the east side of 2nd Avenue parallel to Defendant CVS Pharmacy at the location.

14. While Defendant Ryder's truck was parked in the no standing zone-no stopping bicycle lane and Defendant Ryder's truckers were unloading Defendant Ryder's truck in front of the location, Defendant Ryder's truckers violated the *Rules of the City of New York* ("*RCNY*") §

4-08(a), Parking, Stopping and Standing, which states, a) General provisions. (1) Compliance with rules. No person shall stop, stand or park a vehicle, whether attended or unattended, other than in accordance with authorized signs, pavement markings, or other traffic control devices, unless necessary, to avoid conflict with other traffic or in compliance with law or direction of any law enforcement officer or other person authorized to enforce these rules. (I) Sign placement. For purposes of this 34 *RCNY* § 4-08, one authorized regulatory sign anywhere on a block, which is the area of sidewalk between one intersection and the next, shall be sufficient notice of the restriction(s) in effect on that block. (2) Stopping prohibited. When stopping is prohibited by signs or rules, no person shall stop, stand or park a vehicle, whether attended or unattended. (3) Standing prohibited. When standing is prohibited by signs or rules, no person shall stop a vehicle, attended or unattended, except temporarily for the purpose of and while actually engaged in expeditiously receiving or discharging passengers. (4) Parking prohibited. When parking is prohibited by signs or rules, no person shall stop a vehicle, attended or unattended, except temporarily for the purpose of and while expeditiously receiving or discharging passengers or loading of unloading property to or from the curb.

15. On October 15, 2021, 34 *RCNY* § 4-08, posted sign at the location was, "No Stopping Anytime."

16. No Stopping Anytime signs mean that you cannot stop for any reason, to drop off or pick up passengers, to wait for people to arrive, or to load or unload merchandise. Any violation of this sign can be punishable by law. 34 *RCNY* § 4-08.

17. On October 15, 2021, when Defendant Ryder's truckers were making their delivery, the truckers removed large pallets of product from Defendant Ryder's truck. The estimated height of the pallets were between six and ten feet. The pallets were placed on the sidewalk in front of the location.

18. Plaintiff, age 78, 5 feet, 5 inches tall, was lawfully walking southbound on the eastside of 2nd Avenue from East 73rd Street toward East 72nd Street at the location.

19. When Plaintiff reached the location in front of Defendant CVS Pharmacy, Defendant Ryder's truckers blindly pushed the pallet of product into the unsuspecting Plaintiff's right side of Plaintiff's body.

20. Plaintiff was forcibly struck by Defendant Ryder's pallet pushed by Defendant Ryder's truckers, and Plaintiff was forcibly propelled to the 2nd Avenue sidewalk at the location.

21. Due to the great force of impact of the pallets and Plaintiff being forcibly propelled to the 2nd Avenue sidewalk at the location, Plaintiff suffered great and excruciating pain.

22. As Plaintiff lay on the sidewalk in front of Defendant CVS Pharmacy, Defendant Ryder's truckers demonstrated no concern for Plaintiff after Plaintiff was forcibly struck by the pallet, never approached Plaintiff to inquire of Plaintiff's condition, rendered any aid or called for police or ambulance assistance for Plaintiff.

23. After a 911 call was made by a civilian present at the location, New York Police Department ("NYPD") officers responded to the location while Plaintiff was still laying on the 2nd Avenue sidewalk at the location. After a brief period of time, the NYPD officers left the location without investigating what caused Plaintiff's injuries or citing Defendant Ryder's truckers for any violation for parking in a No Stopping Anytime zone in the bicycle lane at the location.

24. A New York Fire Department Emergency Service ("EMS") ambulance responded to the location to render aid to Plaintiff.

25. While Plaintiff was laying on the 2nd Avenue sidewalk at the location, a Defendant CVS Pharmacy employee exited Defendant CVS Pharmacy, looked at Plaintiff lying on the ground but rendered no aid to Plaintiff.

26. EMS removed Plaintiff from the location.

27. On October 15, 2021, after being removed from the location by EMS, Plaintiff was admitted to New York-Presbyterian/Weill Cornell Medical Center, ("Cornell") 525 E. 68th Street, New York, NY 10065.

28. Due to Defendants Ryder's and CVS Pharmacy's failures, described hereinafter, Plaintiff suffered a right femur fracture requiring two surgical procedures at Cornell on Plaintiff's right leg to repair the femur fracture and Plaintiff's left leg to stabilize the left leg due to Plaintiff's right leg femur fracture caused when Plaintiff was struck with the pallets by Defendant Ryder's truckers.

29. Plaintiff was a patient at Cornell from October 15, 2021, to October 23, 2021, due to the injuries Plaintiff sustained at the location caused by Defendants.

30. Upon Plaintiff's release from Cornell, Plaintiff was admitted to an in-facility physical therapy facility from October 23, 2021, to November 18, 2021, for the injuries Plaintiff sustained at the location caused by both Defendants.

31. After Plaintiff was discharged on November 18, 2021, from the in-facility physical therapy facility, Plaintiff returned to her home.

32. Since returning to Plaintiff's home, Plaintiff employed the services of an aide at Plaintiff's expense and will be required to continue to do so for the future.

33. Plaintiff continues to undergo physical therapy as an out-patient for the injuries Plaintiff sustained at the location caused by Defendants.

34. Plaintiff may also be required to undergo future surgical and/or medical treatment for the injuries Plaintiff sustained at the location caused by Defendants.

35. Plaintiff, during and after the injuries Plaintiff sustained at the location which were caused by Defendants, suffered great pain, physical discomfort, an inability to continue with an active

life, stress, mental anguish and worry about Plaintiff's future and how these serious injuries caused by Defendants will impact on her daily activities and quality of life.

### DEFENDANTS' FAILURE TO TAKE ANY ACTION TO PROTECT PLAINTIFF. PLAINTIFF SUSTAINED SERIOUS INJURIES WERE CAUSED BY DEFENDANTS AND PLAINTIFF IS SEEKING COMPENSATORY AND PUNITIVE DAMAGES

36. As a result of the above acts and omissions of Defendants, Plaintiff suffered and continues to suffer from severe emotional distress, stress, mental anguish and anxiety, due to Plaintiff's injuries, and is and will be required to expend sums for therapy and other related medical expenses, including an aide to assist Plaintiff.

37. Plaintiff is seeking compensatory and punitive damages against Defendants.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT RYDER
#### (Negligence)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "37" as if fully set forth at length herein.

39. As a direct and proximate result of Defendant Ryder's negligence, Plaintiff suffered disabling personal injuries and continues to suffer disabling personal injuries effecting Plaintiff's life.

40. Plaintiff has been damaged by Defendant Ryder in an amount in excess of the jurisdictional limits of this Court for compensatory damages.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT RYDER
#### (Reckless Endangerment)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "40" as if fully set forth at length herein.

42. Defendant Ryder's truckers recklessly endangered Plaintiff when Defendant Ryder's truckers recklessly engaged in conduct which created a substantial risk of serious physical injury to Plaintiff. (NYS *Penal Law* § 120.20, Reckless endangerment in the second degree, Class A misdemeanor).

43. Defendant Ryder's truckers' conduct was reckless, wilful and indifferent to Plaintiff and was a violation of law.

44. Plaintiff has been damaged by Defendant Ryder in an amount in excess of the jurisdictional limits of this Court for compensatory and punitive damages, since Defendant Ryder's conduct amounted to willful, wanton negligence and/or recklessness, exhibiting a conscious disregard of Plaintiff's well being and safety on New York City's streets.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANT CVS PHARMACY
### (Negligence )

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "44" as if fully set forth at length herein.

46. Defendant CVS Pharmacy aided, abetted and acted jointly with Defendant Ryder to create a dangerous and hazardous condition at the location which caused Plaintiff's injuries.

47. Defendant CVS Pharmacy failed to consider the narrowness of the location, permitted large pallets to be moved at the location and stored against the building line of Defendant CVS Pharmacy's store at the location in front of Defendant CVS Pharmacy creating a further narrowing of the sidewalk at the location.

48. On October 15, 2021, at approximately 7:30 p.m. numerous people were lawfully walking at the location on 2nd Avenue or dining outside at a restaurant adjacent to Defendant CVS Pharmacy causing additional congestion at the location.

49. Defendant CVS Pharmacy knew Defendant Ryder's truckers were delivering product to Defendant CVS Pharmacy on large pallets at the location.

50. Defendant CVS Pharmacy failed to place any warning signs at the location notifying Plaintiff and other individuals who were lawfully walking at the location that Defendant Ryder was making a significant delivery of product to Defendant CVS Pharmacy.

51. Defendant CVS Pharmacy failed to have any Defendant CVS Pharmacy employee at the location positioned in front of or in the vicinity of Defendant CVS Pharmacy warning Plaintiff and other individuals who were lawfully at the location that Defendant Ryder was making a significant delivery of product to Defendant CVS Pharmacy.

52. Defendant CVS Pharmacy permitted Defendant Ryder's truckers to store pallets along the front of Defendant CVS Pharmacy next to length of the wall at the location causing the pallets to protrude outward on 2nd Avenue further narrowing the location and disregarding the pedestrian traffic which frequented the front of Defendant CVS Pharmacy.

53. Due to these negligent acts by Defendant CVS Pharmacy either jointly with or separately from Defendant Ryder, Defendant CVS Pharmacy created a dangerous, hazardous, unlawful, negligent and impermissible condition resulting in Plaintiff's injuries.

54. Plaintiff has been damaged by Defendant CVS Pharmacy in amount in excess of the jurisdictional limits of this Court for compensatory damages.

### AS AND FOR A FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT CVS PHARMACY
### (Reckless Endangerment)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "54" as if fully set forth at length herein.

56. Defendant CVS Pharmacy recklessly endangered Plaintiff when Defendant CVS Pharmacy recklessly engaged in conduct which created a substantial risk of serious physical injury to Plaintiff. (NYS *Penal Law* § 120.20, Reckless endangerment in the second degree, Class A misdemeanor).

57. Defendant CVS Pharmacy's conduct was reckless, willful and indifferent to Plaintiff and a violation of law.

58. Plaintiff has been damaged by Defendant CVS Pharmacy in amount in excess of the jurisdictional limits of this Court for compensatory and punitive damages. Punitive damages must be awarded since Defendant CVS Pharmacy's conduct amounted to willful and/or recklessness, exhibiting a conscious disregard of Plaintiff's well being and safety at the location on New York City's streets.

59. Plaintiff has been damaged by Defendant CVS Pharmacy in an amount in excess of the jurisdictional limits of this Court for compensatory and punitive damages.

### AS AND FOR AN SIXTH CAUSE OF ACTION
### AGAINST DEFENDANTS
### (Negligent Infliction of Emotional Distress)

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "59" as if fully set forth at length herein.

61. Defendants negligently inflicted emotional distress upon Plaintiff due to Defendants' conduct.

62. Plaintiff has been damaged by Defendants individually and/or jointly in an amount in excess of the jurisdictional limits of this Court for compensatory and punitive damages.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### AGAINST DEFENDANTS
### (Negligent Employment Retention)

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "62" as if fully set forth at length herein.

64. That Defendants employed or authorized individuals acting on Defendants' behalf to accept and make deliveries at the location.

65. Defendants are vicariously responsible for its employees and authorized individuals acting on Defendants' behalf for all the acts committed during and within the scope of Defendants' business activities and functions which caused Plaintiff's injuries.

66. Defendants continued to employ employees and authorized individuals acting on Defendants' behalf who have, prior to October 15, 2021, created dangerous and hazardous conditions at the location making other unlawful deliveries at the location knowing these illegal, negligent and/or reckless acts were violative of New York City law and Plaintiff and other unsuspecting individuals who were lawfully at the location.

67. Plaintiff has been damaged by Defendants in an amount in excess of the jurisdictional limits of this Court for compensatory and punitive damages.

### AS AND FOR A EIGHTH CAUSE OF ACTION
### AGAINST DEFENDANTS
(*Respondeat Superior*)

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "67" as if fully set forth at length herein.

69. Defendants as controlling entities, *respondeat superior*, are responsible for the acts and omissions and violations by Defendants' employees which caused Plaintiff's serious injuries at the location.

70. Plaintiff has been damaged by Defendants in an amount in excess of the jurisdictional limits of this Court for compensatory and punitive damages.

### ATTORNEYS' FEES, EXPENSES AND COSTS

If Plaintiff is the prevailing party in this litigation, Plaintiff seeks attorney's fees, any and all past, present and future medical, aide, prescription, physical therapy expenses, any and all other related expenses concerning this litigation, as well as, any other costs and interest that may be granted.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter a judgment against Defendants, jointly and severally, in favor of Plaintiff for all Causes of Action as set forth above and seeks the following:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violated the laws of State and City of New York;

B. An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate Plaintiff for all monetary and/or economic damages;

C. An award of damages against Defendants, in an amount to be determined at trial, plus interest, to compensate for compensatory damages, including, but not limited to, compensation for Plaintiff's serious personal injury, emotional distress, anxiety, and for any all other related expenses and costs.

D. An award of punitive damages against Defendants in an amount to be determined at trial;

E. Any prejudgment interest on all amounts due Plaintiff;

F. Awarding Plaintiff such additional and further relief, at law or in equity as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims for monetary damages.

Dated: December 28, 2021         By:    S/ Arnold N. Kriss, Esq.
                                         **ARNOLD N. KRISS, ESQ.** (5294)
                                         **Law Offices of Arnold N. Kriss**
                                         Attorney(s) for Plaintiff
                                         123 William Street, 15th Floor
                                         New York, New York 10038
                                         (212) 577-2000
                                         Email: akriss@lawkriss.com