USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __1/27/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ILDA MONETTE TALLER,

                         Plaintiff,

  -against-

RYDER SYSTEM, INC. d/b/a RYDER,
CVS HEALTH CORPORATION and
CVS PHARMACY,

                       Defendants.
------------------------------------------------------------------X

Civ. 1:21-cv-11119
(AT KNF)

## STIPULATED PROTECTIVE ORDER

The Parties herein agree that the discovery sought in this Action is likely to require the production of certain confidential healthcare, business, commercial, trade secret, personnel, and/or financial information, and that the Parties have a legitimate need to protect the confidentiality of such information. This protective order applies to the production of Protected Health Information as that term is defined by 45 CFR 160.103 and complies with HIPAA's requirements for qualified protective orders. The Parties therefore request that the Court hereby ORDER, ADJUDGE, and DECREE as follows:

1. A Party producing or propounding written discovery responses or documents that contain trade secrets or other confidential information ("Confidential Information") shall mark such documents with the word "CONFIDENTIAL." Documents so marked are referred to in this Order as "Protected Documents." Except to the extent otherwise permitted by this Order, counsel and every Qualified Person (as defined below) provided copies of or access to Confidential Information and/or Protected Documents pursuant to this Order shall keep same within their exclusive possession and control and shall take all necessary and prudent measures to maintain the confidentiality of such materials or information and shall not permit dissemination of same to anyone.

2. If a Protected Document is used or marked as an exhibit in a deposition, or if deposition testimony discloses or discusses Confidential Information, counsel shall designate the testimony or exhibit as confidential. Each transcript so designated shall be treated as a Protected Document, and all such testimony so designated shall be treated as Confidential Information, except as otherwise agreed upon by the Parties or ordered. All court reporters and videographers engaged to

record and/or videotape depositions in this case will be informed of this Order and will be required to sign an agreement to operate in a manner consistent with this Order.

3. A Party shall not be deemed to have waived any right to designate materials as confidential by allowing inspection of such material prior to a designation of such material as confidential.

4. Under no circumstance may Protected Documents or Confidential Information be used in any other action or for any purposes unrelated to this litigation. Access to Protected Documents and Confidential Information shall be limited to those Qualified Persons designated below.

5. Protected Documents and Confidential Information may be disclosed only to the following persons (hereinafter referred to as "Qualified Persons"), subject to the terms set forth in Section 6 herein:

   a. The Parties to this action and their respective employees and agents;
   b. Counsel of record for the Parties and direct employees of such counsel who are materially assisting in the preparation or trial of this action;
   c. Experts and consultants retained by a Party whose assistance is necessary for trial preparation of this specific action;
   d. Under seal to the Court and the Court's employees and staff;
   e. Court reporters and videographers pursuant to Paragraph 2 of this Protective Order; and
   f. Any person mutually agreed upon in writing by all Parties.

6. In no event shall any disclosure of Protected Documents or Confidential Information be made to competitors of any Party, or to any other person, corporation or entity who, upon reasonable and good faith inquiry, could be determined to be employees of or consultants for a competitor of any Party, unless they are retained as an expert by counsel for a Party, or unless such competitor of any Party is also itself a Party to this Litigation, in which case disclosure shall be made in accordance with the terms and provisions herein.

7. Before being given access to any Protected Documents or Confidential Information, each Qualified Person (other than the Court) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing, in the form attached hereto as Exhibit A, to be bound by and to comply with the terms of this Order. Counsel for each Party shall maintain a list of all Qualified Persons to whom they or their client have provided any Protected Documents or Confidential Information, and that list shall be available for inspection by the Court.

8. Information or documents originating from a non-Party that a designating Party reasonably and in good faith believes is subject to a confidentiality obligation may be designated as Confidential Information or as a Protected Document and shall be subject to the restrictions on disclosure specified in this Protective Order.

9. In the event any Party or non-Party discovers that it has inadvertently produced documents or information that should have been, but was not, designated as a Protected Document or as Confidential Information, the producing Party may designate the documents or information as a Protected Document or as Confidential Information by a subsequent notice in writing specifically identifying the documents or information and furnishing such documents or information with the correct designation, in which event the Parties shall, thereafter, treat such documents or information as a Protected Document or as Confidential Information under this Order, and undertake reasonable efforts to retrieve any previously undesignated documents or information and destroy same.

10. All documents containing, referring to or otherwise disclosing Protected Documents or Confidential Information which a Party wishes to file or otherwise submit to the Court shall be conspicuously marked "CONFIDENTIAL" and filed under seal pursuant to Rule 26 of the Federal Rules of Civil Procedure and/or applicable Court directives for filing same under seal.

11. Inadvertent production of documents subject to work product privilege, attorney-client privilege, or other applicable privilege shall not constitute a waiver of the privilege, provided that the producing Party notifies the receiving Party in writing of such inadvertent production. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing Party upon timely request. No use may be made of such documents subsequent to the request to return them. Nothing in this Protective Order shall limit the receiving Party from requesting that the Court order the production of any such inadvertently produced documents, except such request may not be based upon the argument of waiver of said privilege to withhold documents.

12. Within sixty (60) days after the termination of this action by entry of a final judgment or order of dismissal, each Party, each non-Party or other person subject to the terms of this Order, with the exception of the Clerk of the Court, shall destroy Protected Documents or return them to the Producing Party. Outside counsel for each Party may retain copies of pleadings filed in Court, and of deposition and court transcripts or recordings. Upon written request of a Party, the other Party shall confirm compliance with this section in writing.

13. A non-Party may elect to be bound by the terms of this Order by notifying counsel for all Parties in writing and may designate documents and information as Protected Documents or as Confidential Information in the manner set forth in this Order.

14. After the termination of this Action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be a binding and enforceable agreement, and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

15. The Court shall undertake proper measures to preserve the confidentiality of Protected Documents and other Confidential Information used during any hearing or at the trial of this case or which was filed with the Court. To the extent that exhibit lists are filed in this case, the Parties shall, at the appropriate time, address the use and protection of Protected Documents at trial.

16. This Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control.

17. This Order does not constitute a waiver of any Party's right to object to discovery on any ground, including the ground that information sought contains trade secrets or other confidential business information, nor does it constitute an admission or representation by any Party that any document or information designated as CONFIDENTIAL is in fact a trade secret or contains confidential financial, proprietary, or business information.

18. Nothing in this Order shall constitute a waiver of any Party's right to object to the designation of a particular document as confidential. If a Party contends that any document has been erroneously, unreasonably or inappropriately designated "CONFIDENTIAL," it shall nevertheless treat the document as confidential unless and until it either (a) obtains written permission from the Party that designated the document as confidential to do otherwise, or (b) obtains an Order of this Court stating that the document is not confidential.

ENTERED this __27__ day of __January__, 2023.

_____
ANALISA TORRES
United States District Judge